UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CALI VALDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:22-cv-00477-EPG<br><br>FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT<br><br>(ECF Nos. 1, 15). |

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding his application for supplemental security income benefits. The parties have consented to entry of judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF No. 10).

Plaintiff presents the following issue:

> The ALJ failed to meet his Step Five burden to prove Plaintiff can perform other work that exists in significant numbers in the national economy.

(ECF No. 15, p. 4).

Having reviewed the record, administrative transcript, the parties' briefs, and the applicable law, the Court finds as follows:

## I. ANALYSIS

Plaintiff argues that the ALJ failed to show at Step 5 that Plaintiff can perform other work that exists in significant numbers in the national economy. (ECF No. 15, p. 4). The Ninth Circuit has noted the following regarding Step Five of the sequential evaluation process:

> Under the Social Security Act, a claimant is considered "disabled" and entitled to disability benefits only if her impairments preclude her both from conducting her past relevant work and from engaging "in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). Once a claimant establishes at steps one through four of the sequential evaluation process that she suffers from a severe impairment that prevents her from doing any work she has done in the past, or that she has a severe impairment and has no relevant past work, she has made out a prima facie case of a disability. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The burden then shifts to the Commissioner at step five to establish that the claimant can perform a "significant number[ ]" of jobs in the national economy given the claimant's physical and mental limitations, age, education, and work experience. 20 C.F.R. § 416.960(c)(2); *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002).

*White v. Kijakazi*, 44 F.4th 828, 833 (9th Cir. 2022).

Here, the ALJ proceeded through Steps 1 through 4, and determined that Plaintiff had no past relevant work. (A.R. 29). After concluding that Plaintiff could perform sedentary work with some limitations, the ALJ stated as follows regarding Step 5:

> To determine the extent to which [Plaintiff's] limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as:
>
> - Document preparer, DOT #249.587-018, SVP 2, sedentary work. There are approximately 46,000 jobs in the national economy
> - Addresser, DOT #209.587-587-010, SVP 2, sedentary work. There are approximately 20,000 jobs in the national economy
> - Escort car driver, DOT #919.663-022, SVP 2, sedentary work. There are approximately 22,000 jobs in the national economy
>
> Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.
>
> Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual

>functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.

(A.R. 30).

Plaintiff argues that (1) the occupations of document preparer and addresser are obsolete and thus cannot be counted towards the number of jobs for purposes of determining whether other work exists in significant numbers in the national economy and (2) the remaining 22,000 jobs for escort car driver are not enough to satisfy the Commissioner's burden of showing that a significant number of jobs exist.[1] (ECF No. 15, pp. 12-14).

Defendant offers no rebuttal to Plaintiff's argument that document preparer and addresser are obsolete occupations for purposes of determining whether other work exists in significant numbers in the national economy. Moreover, Plaintiff correctly points out that some courts have found these positions obsolete. *See Skinner v. Berryhill*, No. CV 17-3795-PLA, 2018 WL 1631275, at *6 (C.D. Cal. Apr. 2, 2018) ("[I]t is not unreasonable to assume that the occupation of 'addresser,' which—as described by the DOT—provides for addressing envelopes by hand or by typewriter, is an occupation that has significantly dwindled in number since 1991 in light of technological advances. That being the case, a reasonable mind would not accept the VE's testimony that there are over 3,000 such positions in the region of California alone, or even that there are over 10,000 in the national economy."); *Sandra M. H. v. Saul*, No. SA CV 18-1933-PLA, 2019 WL 5209245, at *3 (C.D. Cal. Oct. 16, 2019) ("Some courts have found that the occupations of 'addressing clerk' and 'document preparer' are obsolete."); *Wood v. Berryhill*, No. 3:17-CV-5430-RJB-BAT, 2017 WL 6419313, at *2 (W.D. Wash. Nov. 17, 2017), *report and recommendation adopted*, No. 3:17-CV-5430-RJB-BAT, 2017 WL 6372590 (W.D. Wash. Dec. 13, 2017) ("[T]he positions of document preparer and nut sorter do not exist in significant numbers in the national economy.").

---

[1] Plaintiff also summarily argues "that one occupational prospect is insufficient to sustain a finding that Plaintiff is not disabled." (ECF No. 15, p. 15 (citing *Maxwell v. Saul*, 971 F.3d 1128, 1131 (9th Cir. 2020)). However, *Maxwell* interpreted a ruling, 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.00(c), that applies only to "individuals of advanced age." 971 F.3d at 1131. It does not apply to persons, like Plaintiff, who was classified as a "younger individual," being 31 years old when the application was filed. (A.R. 29); *see Noni W. B. v. Kijakai*, No. 5:20-CV-01917-PD, 2022 WL 2114571, at *7 (C.D. Cal. Apr. 5, 2022) (noting that *Maxwell* did not apply to 40-year-old Plaintiff).

1 However, Defendant argues that the 22,000 jobs estimated for escort driver alone constitute a significant number of jobs. (ECF No. 19, p. 3). The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). It has, however, found "a comparison to other cases . . . instructive." *Id*. A "'significant number of jobs' can be *either* regional jobs (the region where a claimant resides) or in several regions of the country (national jobs)." *Id.* (citing 42 U.S.C. §§ 423(d)(2)(A)). Upon finding "*either* of the two numbers 'significant,'" the Court "must uphold the ALJ's decision." *Id.* at 390.

In *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 29 (9th Cir. 2014), the Ninth Circuit concluded that 25,000 nationwide jobs constitutes a significant number but found this to be a "close call." In so holding, the Court noted that it had previously found 1,680 jobs to be insignificant and that the Eighth Circuit had found 10,000 nationwide jobs to be significant. *Id.* (citing *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997)). Cases looking at numbers less than 25,000 vary on how many jobs need to exist to be considered "significant." *Compare, e.g., Nelson v. Berryhill*, No. 3:17-CV-00614-AJB-KSC, 2018 WL 799162, at *13 (S.D. Cal. Feb. 8, 2018), *report and recommendation adopted*, No. 17-CV-0614-AJB-KSC, 2018 WL 1638222 (S.D. Cal. Apr. 5, 2018) ("In the Ninth Circuit, national job numbers lower than 25,000 are typically deemed not significant, consistent with the *Gutierrez* court's holding that 25,000 jobs is a 'close call.'"); *Baker v. Comm'r of Soc. Sec.*, 2014 WL 3615497, at *8 (E.D. Cal. July 21, 2014) (14,500 national jobs insignificant); *Valencia v. Astrue*, 2013 WL 1209353 at *18 (N.D. Cal. Mar. 25, 2013) (14,082 national jobs insignificant); *with Anna F. v. Saul*, No. ED CV 19-511-SP, 2020 WL 7024924, at *6 (C.D. Cal. Nov. 30, 2020) ("Whether 21,100 jobs in the national economy is 'significant' is not entirely settled, yet the relevant caselaw indicates it is."); *Aguilar v. Colvin*, 2016 WL 3660296 at *3 (C.D. Cal. July 8, 2016) (11,850 national jobs and 1,080 regional jobs significant); *Montalbo v. Colvin*, 231 F. Supp. 3d 846, 863 (D. Haw. 2017) (12,300 national jobs significant in light of discretion afforded ALJ in determining whether number of jobs available is significant).

Upon review of case authority, whether 22,000 national jobs for escort drivers constitutes

a significant number is a close call. Ultimately, the Court is persuaded by the reasoning of another court tasked with reviewing a similar number of available jobs. In *Ochoa v. Colvin*, the VE testified that there were 80 jobs in the Sacramento area, 1,233 in California, and 19,122 in the national economy. *Ochoa v. Colvin*, No. 1:12-CV-00604-SKO, 2013 WL 4816130, at *7 (E.D. Cal. Sept. 6, 2013). Noting that the number of jobs identified was "a close call when determining whether the ALJ has met the Step Five burden of showing that there is a significant number of jobs existing that Plaintiff could perform," the Court ultimately concluded that, because the ALJ had mistakenly relied upon the occupation of school bus monitor in determining whether significant jobs existed, "the ALJ did not have the opportunity to determine whether the [remaining occupation of] call out operator, taken alone, is work that exists in significant numbers to meet the Step Five burden," and remanded for that purpose. *Id.* at 9.

Likewise, the ALJ here determined that a significant number of jobs existed across multiple occupations—document preparer, addresser, and escort car driver—with the estimated number of jobs totaling 88,000 nationally. Because the occupations of document preparer and addresser cannot be considered, the ALJ never had the opportunity to decide whether 22,000 jobs for escort drivers alone is significant. Given the closeness of this issue, the Court believes that the ALJ should have the opportunity to address it in the first instance whether a significant number of jobs would be available to Plaintiff.[2] *Id.*; *Cardona v. Colvin*, No. EDCV 12-0895-CW, 2013 WL 2285354, at *5 (C.D. Cal. May 22, 2013) ("In this case, the ALJ concluded that there were significant numbers of jobs available to plaintiff based on his finding that plaintiff could perform the jobs of Bottle Packer, Cashier II, and Stitching Machine Operator. The ALJ, however, did not have the opportunity to determine whether the job of Stitching Machine Operator, taken alone, is 'work which exists in significant numbers' for purposes of the Social Security Act. Under these circumstances, the Court finds that the proper course is to remand the matter to the ALJ to make this determination in the first instance.").

///

---

[2] Plaintiff does not ask for an award of benefits but requests "that the ALJ decision be vacated and the matter be remanded for further administrative proceedings." (ECF No. 15, p. 15).

## II. CONCLUSION AND ORDER

For the reasons given above, the Court remands this case to the Commissioner for the limited purpose of reevaluating Step Five to determine whether there is a significant number of jobs available for escort drivers and without consideration of the jobs available to document preparers and addressers.

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this decision. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:  **March 24, 2023**              /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE